# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

STANLEY LAMONT BUSH                                                        PLAINTIFF

V.                             No. 4:22-CV-00511-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On May 27, 2022, Plaintiff Stanley Lamont Bush ("Bush") and 7 other inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly filed a single *pro se* § 1983 Complaint alleging that Defendants violated their

---

[1] George E. Key, Jr., Joseph Barnhart, Trevet R. Yville, Sr., Billy R. Sanders, Eligah Kaufman, Brandon Smith, and Nelson Frazier.

constitutional rights. *Doc. 1*. In accordance with the Court's general practice, the Clerk severed the joint Complaint into 8 individual § 1983 cases.[2]

After reviewing the Complaint, the Court issued a June 29, 2022 Order noting several problems with the pleading. *Doc. 5*. Thus, the Court gave Bush thirty (30) days "to file an Amended Complaint that provide[ed]: (1) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (2) *what constitutional right* he believe[d] each Defendant violated; and (3) how *he* was harmed by each of the allegedly constitutional violations." *Id. at 4*. Importantly, the Court cautioned Bush that, if he elected not to file an Amended Complaint providing the additional information requested, the Court would proceed to screen the Complaint and would "likely … conclude it should be dismissed, without prejudice, for failing to state a claim." *Id*.

Bush has not filed an Amended Complaint, and the time to do so has long expired. Thus, the Court will proceed with screening his initial pleading.[3]

---

[2] *See* Case Nos. 4:22-cv-00507-KGB-JTR through 4:22-cv-00514-KGB-JTR.

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II. Discussion

Bush alleges that, from March 10th through 14th, 2022, and again from March 20th through 22nd, 2022, a "link door" was open at the PCRDF, and Officer Smith was "the only officer for 2 units (P & Q) which [consists of] 181 inmates." *Doc. 1 at 7*. Bush alleges this occurred because other PCRDF "officers don't want to do their jobs, so we get 1 officer for 2 units," even though there are enough officers to avoid this issue. *Id*.

Bush alleges that, because a single officer cannot properly supervise two units, when the link door is opened, he and other inmates do not get "showers, access to – [the] legal library, or legal calls … for days at a time." Id.

Since he filed a grievance on March 23, 2022, Bush alleges he and other PCRDF inmates were locked down on several additional dates in March, April, and May of 2022. *Id*. He contends this creates a "hostile environment." *Id. at 6*.

He also alleges an inmate in the PCRDF Q Unit died, on April 10, 2022, "and his cellmate hollered out for the guard for [three hours] before they finally came from the other unit and found him because they weren't doing their security checks." *Id. at 7-8*.

For relief, he seeks to "be able to shower, make legal calls, yard time, and law library at least once a day," as well as for "all officers involved to be reprimanded," for his court fees to be paid, and monetary damages. *Id. at 9*.

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Here, Bush has named Sergeant Clark, Sergeant Hill, Lieutenant Atwood, Officer Smith, Officer Adaway, Officer Park, Officer Anderson, Sheriff Eric Higgins, Officer James, Officer Knight, and Officer Grant as Defendants, but, except for stating that Officer Smith was left to oversee the P and Q Units on certain dates in March 2022, and Officer Jones did not do security checks on April 10, 2022, when another inmate died, Bush has not pled *any facts* demonstrating how the named Defendants were *personally involved* in the alleged constitutional violation. Nor has Bush described how long the alleged incidents lasted on the dates specified.

Further, jail administrators cannot be held vicariously liable in this § 1983 action for any constitutional violations allegedly committed by their subordinates. *See Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King.,* 130 F.3d

4

1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").[4]

Finally, with regard to the allegation that another inmate died, because the lone guard responsible for overseeing the Units did not conduct security checks, Bush cannot raise claims alleging the mistreatment of another inmate, but can only assert those claims he personally endured. *See Stanko v. Brewer*, 853 F. App'x 41, 42 (8th Cir. 2021) ("[A]n inmate cannot bring claims on behalf of other prisoners."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

Accordingly, Bush's Complaint fails to contain sufficient factual matter to state a plausible § 1983 claim and should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Bush's Complaint (*Doc. 1*) be DIMISSED, WITHOUT PREJUDICE.

---

[4] It is also worth noting that, in a § 1983 action, Bush lack standing to request, by way of relief, that Defendants be reprimanded, as matters related to the employment of prison personnel are left to the discretion of prison officials, not the courts. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.").

DATED this 31st day of October, 2022.

                                                              */s/ J. Thomas Ray*
                                        UNITED STATES MAGISTRATE JUDGE